BOLIN, Judge.
L. Lee Bassham sues for $17,500 for damages caused by the cracking of foundation, floors and walls of his house in Shreveport, Louisiana, and for disturbance, inconvenience, invasion of privacy and violation of his sensibilities. Plaintiff alleged the damage was occasioned by vibrations occurring when Shreveport Transit Company busses passed along a city street adjoining plaintiff’s property. Suit was instituted on October 30, 1967, against Shreveport Transit Company, Inc. and its insurer, Liberty Mutual Insurance Company. By supplemental petition the City of Shreveport was joined as a party defendant. The City filed a third-party demand against the transit company and its insurer, seeking indemnification in the event plaintiff obtained a judgment against it. An answer and reconven-tional demand seeking the same relief was filed against the City by the transit company and its insurer. The lower court rejected plaintiff’s demands and assigned as written reason therefor that the proximate cause of damage to the house was the soil condition beneath the foundation. From this judgment Bassham appeals and specifies numerous errors allegedly committed by the trial court.
Plaintiff purchased his house, located at the intersection of Bell Mead and Glen Cove Streets in the City of Shreveport, in April, *161 1966. Glen Cove Street was used as a “turn-around”' for the busses operated by the transit company under a franchise obtained from the City of Shreveport. Bass-ham testified he made four examinations of the house before purchasing it and at the time of purchase no cracks in the walls or the foundation slabs were apparent. It is the contention of Bassham that the operation of the busses from April, 1966, until September, 1967, caused the damages made the basis of this suit.
Plaintiff and other witnesses testified that, in their opinions, the continuous passage of busses on Glen Cove Street caused vibrations which shook the house and were the immediate cause of the structural damage. Several of plaintiff’s witnesses testified they were present in plaintiff’s home when busses passed and that the vibrations were severe enough to cause the rattling of windowpanes and various movable objects located within the house. Plaintiff’s experts testified that the traveling of the busses along the nearby streets was sufficient to cause the damage complained of to the house. Estimates were given of the cost of repairing the walls and foundation of plaintiff’s residence.
The transit company and the City of Shreveport offered evidence contradicting that of plaintiff. Their experts were of the opinion the damage to the walls and foundation was due to a soil condition similar to quicksand and did not result from vibrations caused by bus traffic. Plaintiff’s house was constructed about 1952, and several years thereafter a heavy rain occurred which caused the house to be flooded for several days. These witnesses also described the soil as being “plastic”, contracting during dry weather and expanding in wet weather, which they considered to be the cause of the cracked slabs.
Appellant presents a forceful and interesting legal argument urging that La.C.C. Art. 667 is controlling. This article generally provides the owner of land is liable if he uses his estate in a manner which causes damage to a neighbor. This has commonly been referred to as the “liability without fault” article of the Louisiana Civil Code. Appellant also contends that under the basic tort law of Louisiana, found in Louisiana Civil Code Article 2315, the transit company and the City of Shreveport are legally responsible for any damages caused by their “fault”, even conceding the fault was a contributing rather than the sole cause of the damage. In other words, Bass-ham argues that, conceding the condition of the soil and foundation beneath his house was faulty, this should afford no comfort to the transit company and the City of Shreveport as they must accept the property as it existed.
While we entertain some doubt as to whether the facts of this case bring it within the purview of Louisiana Civil Code Article 667, we conclude that it makes no difference in the outcome of the case. The meaning of “cause” in Article 667 and of “fault” in Article 2315 has been defined in numerous cases and law review articles. In an effort to support a finding of “cause” or “fault”, our courts have utilized terms such as “proximate cause”, “intervening cause”, “contributing cause”, “foreseeable cause”, “lack of due care”, “negligence”, “last clear chance”, “res ipsa loquitur” and other terms too numerous to mention. While we do not intend to condemn all the cases in Louisiana in which these words or phrases are utilized, the two words appear to be simple and are easily understood. In the instant case, in view of the nebulous nature of the contradictory testimony, the court would be required to engage in considerable speculation and conjecture to find for plaintiff. We content ourselves by simply finding from all the evidence, including the testimony of Mr. Gilbert Harkey, that, plaintiff has failed to prove the damage to his house was caused by any fault or action on the part of the transit company or the City of Shreveport or by the use of streets by the defendants.
*162 We find no substantial evidence to support Bassham’s claim for mental anguish, embarrassment and invasion of privacy to either Bassham or his wife.
Having affirmed the judgment on the merits, we pretermit a finding on the plea of prescription.
The judgment appealed from is affirmed at appellant’s cost.